## THOMAS v. UNITED STATES.
### No. 9165.

United States Court of Appeals
District of Columbia.

Argued June 6, 1946.

Decided Nov. 25, 1946.

Mr. Woodrow E. Faulkner, of Washington, D. C., for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney at the time the brief was filed, and Mr. John C. Conliff, Jr., Assistant United States Attorney, both of Washington, D. C., were on the brief, submitted on brief for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was indicted for murder in the first degree, tried by jury, and convicted of murder in the second degree. Upon appeal he alleges error on the following grounds: that neglect on the part of the court below to direct a verdict on the first-degree murder charge erroneously influenced the jury in reaching its verdict; that testimony at the trial eliminated express or implied malice and that, therefore, a verdict of murder in either degree cannot be sustained; that the court failed to give sufficient instruction on self-defense, provocation, drunkenness of the deceased, retreat and possession of the fatal weapon at the time the wounds were inflicted; that the Government did not offer a satisfactory explanation for its failure to produce certain witnesses.

There were several witnesses to the circumstances leading up to the fatal affray, and to the affray itself. Two such witnesses testified. The prosecution offered evidence that the others could not be located. Appellant did not take the stand in his own behalf, and the testimony of the

eyewitnesses was, therefore, of paramount importance.

The testimony was in agreement in some respects and in conflict in others. Agreed were the facts that appellant found the deceased in a bedroom with a woman named Williams, with whom appellant was friendly; that some discussion ensued; that the three, with one other man, went out to the sidewalk; that an altercation occurred and deceased was cut twice with a knife, both cuts being long and in the chest, one of them penetrating the heart; and that deceased died from this latter wound. Practically all other testimony concerning the fatal occurrence was in dispute and became a matter for resolution by the jury.

A woman named Walker, in whose apartment the affair began, testified that the appellant had been present in the apartment early in the evening; that he returned at 1:30 or 2:00 a.m. and found the Williams woman and the deceased in the bedroom; that some conversation then passed between the three parties; that she heard the appellant say to the Williams woman, "Put your clothes on and come go with me"; that the appellant then returned to the kitchen and greeted a soldier sitting there; and that the two then stepped outside the apartment to talk "for a minute." The witness further-stated that appellant knocked for readmittance to the apartment a short time later and again asked the Williams woman to leave with him, threatening to "blow this place up"; that appellant and the deceased looked as if they wanted to fight; and that she (the witness) told them "to take it outside" and appellant said, "We will go outside, then." The appellant, followed by the Williams woman, the deceased, and the soldier, then left the apartment. The witness went on to say that as the others left she went to her bedroom window and heard the deceased ask the Williams woman (the group then being on the sidewalk immediately below the window), "Are you going with me or are you going with him?" and that appellant then made quick movements toward the deceased and the latter ran a little way with appellant in pursuit; that appellant did not catch the deceased but returned to where the Williams woman was standing and left the scene with her. Testimony for the defense was by the Williams woman and contradicted the Government's evidence in many respects.

We think that the evidence thus briefly outlined was sufficient to go to the jury upon the charge of first-degree murder. The question before the judge at that point was whether there was sufficient evidence of deliberation and premeditation, since these are the elements which distinguish murder in the first degree from murder in the second degree.[1] This court has held that the time of deliberation and premeditation necessary in first-degree murder must be "appreciable",[2] and the court carefully instructed the jury on this point. Clearly the evidence, as we have set it out above, demonstrates an appreciable length of time between the appellant's discovery of the deceased in the bedroom and the altercation on the sidewalk; and that during that interval defendant went about inside and outside the apartment and talked to several people. The transfer of the altercation from the apartment to the sidewalk afforded opportunity for decision. The trial justice was correct in submitting the first-degree murder charge to the jury, and no prejudicial error resulted therefrom. The clear, emphatic instructions were sufficient to cure any inference the jury may have formed that submission of the first-degree charge indicated guilt of some degree of murder.

Appellant then contends that the weight of the testimony eliminates all malice, express or implied. With this we do not agree. The circumstances, which we have related, preceding the struggle in which the deceased was killed, might well and reasonably have aroused appellant's animosity toward the deceased. Clearly the jury was justified in finding from the

[1] D.C.Code (1940) §§ 22—2401, 22—2403.
[2] Bostic v. United States, 68 App.D.C. 167, 170, 94 F.2d 636, 639 (1937); Bullock v. United States, 1941, 74 App.D.C. 220, 122 F.2d 213.

evidence presented the "malice afore-thought" [3] essential in the crime of second-degree murder.

■ We have examined the charge to the jury with particular reference to the points raised by the appellant's third contention. From this we conclude that the charge of the court was careful and thorough. It covered premeditation, malice and self-defense in painstaking fashion, and appellant's claim that it was insufficient in several particulars is groundless. We find no error in it.

■ Appellant's argument that the Government's failure to produce certain witnesses prejudiced his case is without merit. Appellant must plead and prove his own case and is responsible for the production in court of witnesses necessary to do so.

Affirmed.

---

[3] D.C.Code (1940) § 22—2403.